UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID M. LINEHAN,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NANCY A. BERRYHILL,  )<br>Acting Commissioner of the  )<br>Social Security Administration  )<br>)<br>Defendant.  )<br>) | Civil Action<br>No. 17-cv-10433-PBS |

## MEMORANDUM AND ORDER

February 20, 2018

Saris, Chief U.S.D.J.

### INTRODUCTION

Defendant Acting Commissioner of Social Security has moved, pursuant to Fed. R. Civ. P. 59(e), for reconsideration of this Court's December 27, 2017 Memorandum and Order (Dkt. No. 26), which remanded this matter to the Administrative Law Judge (ALJ). Defendant asserts that the Court erred in two respects: 1) Dr. Gray's treatment notes are not "medical opinions" entitled to "good reasons" from the ALJ for the weight that she assigned them, 20 C.F.R. § 404.1527(c)(2); and 2) any legal error committed was harmless because consideration of Dr. Gray's records could not possibly lead the ALJ to a more favorable decision on remand.

1

**DISCUSSION**

I. <u>**Medical Opinion**</u>

In order to qualify as a "medical opinion," a treatment provider's statement must "reflect judgments about the nature and severity of [claimant's] impairment(s), including [] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The Commissioner asserts that Dr. Gray's notes do not reflect judgments about the nature and severity of Plaintiff's impairments, but instead "merely regurgitate" his reported symptoms. Dkt. No. 29 at 3 (citing <u>Francis v. Comm'r of Soc. Sec.</u>, 414 F. App'x 802, 804 (6th Cir. 2011)).

However, the Commissioner acknowledges that "Dr. Gray's diagnosis of 'major depressive disorder' qualifies as a medical opinion in the broadest sense." Dkt. No. 29 at 4. Other statements by Dr. Gray also reflect her professional judgment. <u>See, e.g.</u>, R. at 595 ("[Plaintiff] will likely benefit from CBT-based approaches to help improve emotion regulation skills."); R. at 564 ("[Plaintiff is] in a depressed mood, with flat affect. Other aspects within normal limits given brain injury."). The ALJ committed a legal error when she did not give good reasons, or indeed any reasons, for the weight assigned to Dr. Gray's medical opinion. <u>See</u> 20 C.F.R. § 404.1527(c)(2).

2

## II. Empty Exercise

Notwithstanding the ALJ's failure to comply with 20 C.F.R. § 404.1527(c)(2), if remand "will amount to no more than an empty exercise" because of "an independent ground on which affirmance must be entered as a matter of law," then the Commissioner's decision should stand. Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000). To that end, the Commissioner argues that Dr. Gray's opinion merely diagnoses Plaintiff with major depressive disorder, but fails to provide any assessment of how he is impaired by that depression. Defendant argues that, as a matter of law, Dr. Gray's opinion could not, standing alone, constitute the basis for finding that Plaintiff is disabled. See Sitar v. Schweiker, 671 F.2d 19, 20-21 (1st Cir. 1982) ("[S]evere anxiety or depression is not in itself sufficient to establish eligibility for benefits absent a proper showing of related functional loss.").

Dr. Gray's records do not exist in a vacuum, however. They must be viewed in light of Dr. Herman's opinion, which does assess Plaintiff's functional loss. As to that, Defendant argues that Dr. Gray's opinion could not possibly lead the ALJ to reconsider the weight that she assigned to Dr. Herman's opinion, for two reasons. First, Defendant asserts that unlike Dr. Gray, "Dr. Herman did not attribute Plaintiff's cognitive limitations to depression." Dkt. No. 29 at 4. Second, Defendant points out

3

that the ALJ discredited Dr. Herman's opinion due to perceived inconsistencies within Dr. Herman's own notes and findings.

Although Dr. Herman diagnosed Plaintiff with "post-concussion symptoms," R. at 559, he also opined that Plaintiff may be depressed and prescribed him anti-depressant medication. R. 549. Dr. Gray and Dr. Herman report many of the same physical and cognitive symptoms, and their opinions corroborate one another. It is plausible that the ALJ will reconsider her assessment of the intrinsic merits of Dr. Herman's opinion, in light of Dr. Gray's corroborative records.

To be sure, it is also possible that the ALJ will assign little weight to Dr. Gray's opinion and reach the same conclusion on remand. As acknowledged in the Court's original Memorandum and Order (Dkt. No. 26 at 13), certain aspects of Dr. Gray's treatment records, like Plaintiff's failure to follow through on cognitive behavior therapy classes, actually militate *against* a finding of disability. However, this is not a case where the "mistake of the administrative body is one that clearly had no bearing on the . . . substance of the decision reached." Kurzon v. U.S. Postal Serv., 539 F.2d 788, 796 (1st Cir. 1976).

A goal of the treating source rule is to function as a procedural safeguard. See Francis, 414 Fed. App'x at 805. Where, as here, the Court cannot ascertain "a clear understanding of

4

why the ALJ rejected [the treating doctor's] opinion," the goal of the treating source rule is not met. Id. (internal quotations omitted).

**ORDER**

The Commissioner's Motion to Alter Judgment (Dkt. No. 28) is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS            .
Hon. Patti B. Saris
Chief U.S. District Judge